WILLIAM H. RYNINGER *vs.* THOMAS J. KEATING, Comptroller of the Treasury: AUGUSTUS S. BRYAN *vs.* SAME.

*Compensation of officers of Registration under the Act of 1882, ch. 22—Appointed services.*

The officers of registration of voters under the Act of 1882, ch. 22, are entitled to be compensated at the rate of four dollars *per diem*, not only for the time occupied in the registration of names, but also for the time occupied in making and publishing in handbill form, a complete list of all persons registered at the several sittings, the number of days so occupied, not to exceed five after each sitting.

The services which the Act of 1882, ch. 22, requires and compels the officers of registration to perform, are "appointed services," because the Legislature has prescribed them.

APPEALS from the Circuit Court for Anne Arundel County.

The cases are stated in the opinion of the Court.

The causes were argued for the appellants, before ALVEY, YELLOTT, STONE, ROBINSON, and IRVING, J., and submitted on brief, for the appellee.

*John Ireland, John T. McGlone,* and *James Revell,* for the appellants.

*Charles J. M. Gwinn, Attorney-General,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

These appeals were argued and submitted at the same time; the legal questions presented for determination in

the one case being identical with those involved in the other. The appellants were appointed officers of registration of voters in conformity with the provisions of the Act of 1882, ch. 22; the one for Baltimore City and the other for Anne Arundel County. In addition to the registration of voters on the days set apart for that purpose by the Act of Assembly, they performed other services required by the law, and for the performance of these services they contend that they are entitled to be paid at the rate of four dollars *per diem* for the time so occupied. The amount so claimed by Ryninger is one hundred and twelve dollars; and the amount claimed by the other appellant is eighty dollars. The validity of these claims being denied, and payment refused, each of the appellants applied to the Circuit Court for Anne Arundel County for a writ of *mandamus,* commanding the Comptroller to issue his warrant upon the Treasurer of the State for the sum of money claimed in each case. The Court below dismissed the petitions, and from the order in each case an appeal has been taken, and the questions involved in controversy have thus been brought into this Court for final determination.

There is no controversy in relation to the facts alleged in either petition; but while the appellee has admitted by his answer in the one case, and by his demurrer in the other, that the appellants were employed during the days, for which payment is claimed, in making and publishing "in hand-bill form, a complete list of all persons registered at said several sittings," and in performing other duties designated and required by the Act, he contends that the "days of appointed service," for which a *per diem* of four dollars is allowed, are only the days occupied by the actual sittings of the officers for the registration of the names of persons qualified to exercise the elective franchise. It is apparent that this is an exceedingly rigid and narrow construction of the Act of Assembly, and does not seem to be warranted by the phraseology employed in any

Ryninger and Bryan *vs.* Keating, Comptroller, &c.

of its sections. The payment of the *per diem* is for days of "appointed services." If the Legislature had intended that the compensation should be only for the time occupied in the registration of names there can be no doubt that the intention would have been plainly expressed. The other services, for which payment is demanded, were required by the law, and unless they had been performed the work of registration would have been inchoate, all that had been already accomplished rendered abortive, and the efforts to attain the important object contemplated by the law completely frustrated. The law requires and compels the officers of registration to perform certain services. They are therefore "appointed services," because the Legislature has prescribed them. By the provisions of the 21st section of the Act, each officer of registration is required, within five days, after each of the several sittings in the year eighteen hundred and eighty-two, to make and publish, in hand-bill form, a complete list of all persons registered at said several sittings. While we do not think that the appellants are entitled to compensation for other services which are merely incidental to their general duties, we are of opinion that this particular duty is so intimately connected with that of registering the names at the sittings, that the days so occupied were days of "appointed services," for which a *per diem* of four dollars is allowable under the true construction of the statute. The number of days so occupied, not exceeding five after each sitting, should be ascertained by proper proof, such as the Act of Assembly designates, in each case, and the Comptroller should then be required, by *mandamus*, to issue his warrant on the Treasurer for the sums so found to be due.

The order of the Court below in each case will be reversed.

<div style="text-align:center">

*Order in each case reversed,*
*and cause remanded.*